**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chadron Garrison, et al., | No. CV-16-00280-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Foster Poultry Farms Incorporated, | |
| Defendant. | |

Before the Court is Plaintiffs Chadron and Pamela Garrison's Motion to Strike Affirmative Defenses One, Seven and Eight. (Doc. 26.) The motion is fully briefed.[1] For the reasons stated below, the motion is granted in part.

## **BACKGROUND**

On January 29, 2016, Plaintiffs brought suit against Defendant Foster Poultry Farms Inc. alleging that their minor child, B.G., became seriously ill after ingesting chicken contaminated with Salmonella traceable to Defendant's operation. (Doc. 1.) In April 2016, Defendant answered the complaint and pled eight affirmative defenses. (Doc. 23 at 13-15.) Plaintiffs now move to strike three of Defendant's affirmative defenses: (1) defense one—failure to state a claim, (2) defense seven—spoliation, and (3) defense eight—preemption. (Doc. 26.)

---

[1] Plaintiffs' request for oral argument is denied. The issues are fully briefed, and the Court finds oral argument will not aid in the resolution of this matter. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

## LEGAL STANDARD

Rule 12(f) authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike generally are disfavored, *Ordahl v. U.S.*, 646 F. Supp. 4, 6 (D. Mont. 1985), and

> should be granted only where (1) it appears to a certainty that the plaintiff will succeed regardless of what facts could be proved in support of the defense; (2) the affirmative defense sought to be struck does not present disputed and substantial questions of law that could be resolved in such a way as to support the defense; and (3) the plaintiff shows it will be prejudiced by the inclusion of the affirmative defense.

*Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 80 (N.D.N.Y. 2000).

## ANALYSIS

Plaintiffs argue that the defenses are vague, conclusory, and lack supporting facts, and thus they fail to meet the pleading requirements of Rule 8. (Doc. 26 at 6.) They also assert that the first affirmative defense—failure to state a claim—is not an appropriate affirmative defense. Defendant argues that the heightened pleading standards for complaints set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) do not apply to affirmative defenses, and thus the defenses are adequately pled. It also asserts that its first defense—failure to state a claim—is appropriate under the circumstances. (Doc. 27 at 15-16.)

The Court recently addressed these issues in a nearly identical case. *See Craten v. Foster Poultry Farms*, No. CV-15-02587-PHX-DLR, 2016 WL 3457899 (D. Ariz. June 24, 2016). *Craten* involved similar claims alleged against Defendant, the same affirmative defenses, and the same arguments as to why the Court should strike three of the defenses. Ultimately, the Court concluded that *Twombly* and *Iqbal* do not govern pleading affirmative defenses. *Id.* at *3. It further found that Defendant's first

affirmative defense—failure to state a claim—was not a proper defense, but defenses seven and eight—spoliation and preemption—were sufficiently pled. *Id.* at *4. Given that *Craten* and the case at hand are substantially similar, the Court sees no reason to deviate from its previous decision. Accordingly, the Court strikes Defendant's first affirmative defense and declines to strike defenses seven and eight.

**IT IS ORDERED** that Plaintiffs' motion to strike, (Doc. 26), is **GRANTED IN PART**. Defendant's first affirmative defense is stricken from its answer. In addition, Defendant's request for judicial notice, (Doc. 28), and Plaintiffs' request for judicial notice, (Doc. 36-1), are **DENIED** because the Court did not rely on the materials in reaching its decision.

Dated this 14th day of July, 2016.

Douglas L. Rayes
United States District Judge